UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KRISTIE M.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 1:20cv476 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

    This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 423(d), and for Supplemental Security Income (SSI) under Title XVI of the Act, § 1383(c)(3). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

    The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

2

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since August 15, 2016, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: irritable bowel syndrome, gastroparesis, and gastroesophageal reflux disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs and balancing; must avoid unprotected heights and dangerous moving machinery; could perform frequent handling and fingering.

6. The claimant is capable of performing past relevant work as a Production Scheduler, DOT#: 221.167-018 sedentary skilled work per the DOT, with an SVP of 6, sedentary as performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 15, 2016, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 12-24).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on December 7, 2021.  On January 14, 2022 the defendant filed a memorandum in support of the Commissioner's decision to which Plaintiff replied on January 18, 2022**.** Upon full review of the record in this cause, this court is of the view

that the Commissioner's decision should be remanded..

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 4 was the determinative inquiry.

Plaintiff's date last insured is December 31, 2022. She was 45 years old on her alleged onset date. She has past work as a Production Scheduler (DOT# 221.167-018, sedentary, SVP-6, skilled). As noted, Plaintiff has the following severe impairments: irritable bowel syndrome (IBS); gastroparesis; and gastroesophageal reflux disease.

In December 2017, Plaintiff had a gastric emptying study, which was performed per 4 hour protocol and revealed that 100% of the ingested meal was still present in the stomach after 4 hours. (Tr. 396). Irritable bowel syndrome characterized by constipation had become onset at least by December 22, 2017. Plaintiff's primary care physician, Yanni Chen, at an appointment on

July 9, 2018, noted: "Patient with extreme gastroparesis, continued bloating and nausea and now vomiting. Has bm every day or every other day with Miralax twice daily and Linzess 290 mcg daily. Takes Dexilant to control heartburn most of the time but has some regurgitation of burning liquid. Has started taking Zantac at bedtime. Patient reports extreme weight loss, loss of appetite and fatigue. Also reports abdominal pain, nausea, vomiting, constipation, gas pain, anal pain, early satiety, food intolerance, heartburn and change of bowel habit."(Tr. 458).

Dr. Chen's assessment after the July 9, 2018 visit shows that Plaintiff's gastric emptying study again showed zero emptying after 4 hours. Dr. Chen noted: "Current prescription of Domperidone 10 mg, 1 hour before meals and at bedtime has caused some daily shakiness, reduce down to 5 mg before lunch, skip breakfast dose and 10 mg before supper and at bedtime. Gave referral to dietician. Vomiting and abdominal pain could be addressed by switching to a liquid diet during spells and gradually adding back low-fat solids." (Tr. 459).

Plaintiff is currently on both Levbid and Librax, which can make gastroparesis worse and also cause dry mouth and worsen constipation. Dr. Chen stated "She is to stop Levbid because it is too long-acting and use Librax sparingly. She can continue taking Amitriptyline at bedtime. For heartburn, Dexilant 60 mg every day, adding Zantac 150-300 mg at bedtime, plus x-strength Maalox or Gaviscon as needed. Ranitidine 300 mg 1x a day at bedtime added. Patient has lymphocytes infiltrating the duodenum, suggesting stage 1 celiac disease." (Tr. 459).

On October 29, 2018, Plaintiff was seen by Michael Kline DO, at the Cleveland Clinic. It was noted that Plaintiff currently cannot have a bowel movement without using laxatives. With laxatives, she can sometimes have daily bowel movements, some weeks she only has a total of two to three bowel movements. She has continuous nausea. She can take Zofran but not often

5

because of constipation. She vomits a couple of times a week. She has reflux/heartburn, bloating and continuous epigastric pain that changes in severity. Since her symptoms started in 2016, she has lost around 115 pounds. (Tr. 581).

In support of remand, Plaintiff first argues that the ALJ erred in her assessment of Plaintiff's credibility.  The ALJ held that "[p]hysical and objective examination findings related to the claimant's digestive impairments since her alleged onset date have failed to establish the limitations alleged." (Tr. 19).  Plaintiff argues that "once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). *See also See Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Whatever certainty may exist around such self-reports is not by itself reason to discount them — otherwise, why ask in the first place?"); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). As *Carradine* points out, unverifiable subjective complaints may be all the ALJ has to go on at times. *Carradine*, 360 at 754 (citing fatigue and pain) (internal quote and citation omitted).

Plaintiff contends that the ALJ treated her impairments as not real and summarized her complaints at medical exams without discussing the actual exams, and failed to account for the actual diagnoses or the ongoing medication changes documented. (Tr. 19-22). Plaintiff further contends that the ALJ failed to perform a careful weighing of credibility of symptoms and did not articulate which limitations or symptoms that Plaintiff described were not credible and why. The Seventh Circuit has rejected this approach. *See, e.g., Villano v. Astrue*, 556, F.3d 558, 562 (7th Cir. 2009) ("[T]he ALJ may not discredit a claimant's testimony about her pain and limitations

6

solely because there is no objective medical evidence supporting it."); *Myles v. Astrue*, 585 F.3d 672, 677 (7th Cir. 2009) (same); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) (same); *Thomas v. Colvin*, 534 F. App'x 546, 552 (7th Cir. 2013) (same); *Boyd v. Barnhart*, 175 F. App'x 47, 50 (7th Cir. 2006) (reversing and remanding for insufficient credibility determination where the Commissioner "defended the ALJ's decision by relying on the objective medical evidence, the testimony of the vocational expert, and a brief discussion of [the claimant's] daily living activities").

The Commissioner notes that the ALJ considered that Plaintiff was prescribed various medications. (Tr. 19-20, 396, 456, 811, 1342, 1223). The ALJ noted that Plaintiff was not in pain management, she took Elavil for abdominal pain which was minimally better, she did not have any overnight hospitalizations, and she did not undergo surgery. (Tr. 20-21, 511, 797). The ALJ stated that Plaintiff "regularly has normal abdominal examinations, with no complaints and is generally not noted to be in any acute distress." (Tr. 21). However, as Plaintiff has argued, the ALJ did not specify which of her symptoms were not credible, or why. Thus, remand is required for an appropriate credibility determination.

Plaintiff next argues that the ALJ's approach to her daily activities was flawed. In her decision, the ALJ noted that Plaintiff can take care of her personal needs, prepare quick meals, do a few household chores, takes care of her pets, goes out alone, and can drive a car. (Tr. 20-21). The ALJ concluded that "her reported activities of daily living require physical abilities, which are generally inconsistent with her reported functionality. In particular, the ability to drive, safely, requires the ability to sit and pay attention sufficiently to traverse the road safely." (Tr. 21).

Plaintiff asserts that the ALJ overemphasized her daily activities. Plaintiff points out that

7

she does not drive, or leave the house, on her bad days. (Tr. 281). When she goes shopping, she goes with a family member. (Tr. 276). Plaintiff also points out the many activities she can no longer do, such as eating out with friends or family, going to the movies, sitting long enough to watch TV. (Tr. 277-78). Plaintiff further points out that she has to pace herself and take breaks even for her personal care activities, that her family members help with pet care, that some days she cannot even do the laundry, and on the days she does do laundry she needs help from family members. (Tr. 273, 275, 285, 276, 274, 284).

Plaintiff argues that the ALJ failed to account for the *Bjornson* factors, such as receiving help with daily activities and lack of work-comparable pressure or production requirements. The Seventh Circuit has repeatedly cautioned that a person's ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into an ability to work full-time. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012), *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir.2011); *Gentle v. Barnhart*, 430 F.3d 865, 867–68 (7th Cir. 2005). An ALJ cannot disregard a claimant's limitations in performing household activities. *Moss v. Astrue*, 555 F.3d 556 (2009); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir.2006). As the Seventh Circuit has explained, a person's ability to perform daily activities. . . does not necessarily translate into an ability to work full-time." *Roddy v. Astrue*, 705 F.3d 631, 639 (7th Cir. 2013) (citing cases). The ALJ must therefore explain the basis of her reasoning by linking the claimant's daily activities with her symptom evaluation.

In response, the Commissioner contends that the ALJ properly considered Plaintiff's daily activities, did not equate them to full-time work, and only discussed Plaintiff's activities in connection with evaluating her subjective complaints. However, neither the ALJ nor the

Commissioner have indicated any way in which Plaintiff's daily activities undercut any of her symptom allegations. Thus, remand is required on this issue.

Next, Plaintiff argues that the ALJ failed to properly consider her work record. "A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015). Although an ALJ's silence regarding work history "is not enough to negate . . . substantial evidence supporting the adverse credibility finding," *Loveless v. Colvin*, 810 F.3d 502, 508 (7th Cir. 2016), failure to consider a good work record can further bolster the need for remand where the ALJ has otherwise failed to provide substantial evidence to support his symptom assessment. *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016). Plaintiff contends that the ALJ should have considered Plaintiff's 15-year solid and steady work history followed by sustained attempts to keep working. The ALJ cites, without explanation, Plaintiff looking for work after her alleged onset date, as not consistent with Plaintiff's allegations.(Tr. 20-21). But the ALJ offers no explanation as to how this indicates anything but a desire to work, but realizing a repeated inability to do so. Thus, remand is warranted on this issue.

Plaintiff also argues that the ALJ erred in her evaluation of the medical opinions. Plaintiff notes that the ALJ emphasizes that at a January 2019 gastrointestinal exam, Plaintiff said her "pain was minimally better with Elavil," the exam was normal, she was treated with Miralax, and that she denied fatigue, nausea, vomiting, diarrhea, and constipation. (Tr. 20). Plaintiff points out that the ALJ ignores the fact that the very same medical report assesses two diagnoses that the ALJ does not mention: slow transit constipation, and chronic abdominal pain. (Tr. 799). Additionally, the doctor, Michael Cline, D.O., modified Plaintiff's medication for both diagnosed

9

conditions.

Plaintiff further notes that the ALJ emphasizes denial of abdominal pain, constipation, diarrhea, nausea, vomiting, and fatigue, but ignores that the evidence also indicated clear indications of fatigue, agitations decreased concentration, dysphoric mood, sleep disturbance, and nervousness/anxiousness, and palpitations. (Tr. 20; Tr. 799-800; Tr. 1156, 1174, 1191). The law is clear that "[a]n ALJ may not selectively discuss portions of a physician's report that support a finding of non-disability while ignoring other portions that suggest a disability." *Campbell v. Astrue,* 627 F.3d 299, 306 (7th Cir. 2010). Thus, remand is appropriate on this issue.

Plaintiff has also raised arguments concerning the RFC assessment and the ALJ's findings at Steps 4 and 5.  However, these issues are intertwined with the above issues, and dependent on a proper analysis of Plaintiff's subjective symptoms, her daily activities and the medical opinion. Thus the Court will not address these arguments, as remand is being ordered on the previous issues which should suffice to resolve all the issues in this case.

## Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

 Entered: February 2, 2022.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court